```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MARCIA PENNICOTT,                                             :
                                      Plaintiff,              :
                                                              :       21 Civ. 4575 (LGS)
                  -against-                                   :
                                                              :       **OPINION AND ORDER**
JPMORGAN CHASE BANK, N.A., et al.,                            :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff pro se Marcia Pennicott brings this action against Defendants JPMorgan Chase Bank, N.A. ("Chase"), Federal National Mortgage Association ("Fannie Mae"), several unnamed individuals and business organizations (the "Doe Defendants" and, collectively with Chase and Fannie Mae, the "Lender Defendants") and against certain real property *in rem*.  Plaintiff asserts claims under the New York General Business Law Article 23-A (the "Martin Act"), New York Executive Law § 63(12), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") and Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") as well as wrongful foreclosure, quiet title, cancellation of certain instruments, promissory estoppel, negligent misrepresentation, negligence, rescission, unjust enrichment, quantum meruit and declaratory relief.[1]

Defendants move to dismiss the Amended Complaint.  Plaintiff moves for leave to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and for the Court to take judicial notice of certain adjudicative facts.  For the reasons stated below, Defendants'

---

[1] The Amended Complaint also briefly mentions "breach of fiduciary duty . . . accounting . . . conversion, constructive trust, and replevin," as well as "intentional misrepresentations," and "breach[] [of] contract" but does not elaborate on the bases for those claims.

motion is granted; Plaintiffs' motion for leave to file a more definite statement is granted in part and denied in part; and Plaintiffs' motion for the Court to take judicial notice is granted.

I.  BACKGROUND

The following facts are taken from the Amended Complaint, documents incorporated by reference in it, Plaintiff's opposition to Defendant's motion, Plaintiff's motion for leave to file a more definite statement and Plaintiff's request that the court take judicial notice of certain adjudicative facts (collectively, the "Complaint"), and documents of which the Court may take judicial notice. *See Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021). Plaintiff's non-pleading filings are considered here because she is proceeding pro se. *See Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 839 n.4 (2d Cir. 2022). The allegations are assumed to be true and construed in the light most favorable to the Plaintiff for the purpose of this motion. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). The Court takes judicial notice of court records of proceedings concerning the foreclosure on Plaintiff's property and Plaintiff's prior collateral challenges to that foreclosure only "to determine what statements [the documents] contain[] . . . not for the truth of the matters asserted." *Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills*, 814 F. Supp. 2d 679, 691 (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); *accord Bellin*, 6 F.4th at 471 n.10.

Plaintiff purchased the real property at issue (the "Property") on or about August 7, 2007, and financed the purchase with a loan from Chase (the "Loan"). At the time of the purchase, Plaintiff executed a promissory note in the amount of $417,000 in favor of Chase. The note was secured by a mortgage on the Property. Defendants intentionally or negligently misrepresented features of the Loan, failed to provide required disclosures and used loan documents and other instruments with contradictory, unintelligible, unconscionable and oppressive terms. Plaintiff

relied on the representations of Defendants and their agents to understand the Loan. As a result, Plaintiff obtained the Loan without understanding the risks, duties or obligations incurred. Defendants knew that Plaintiff would not be able to make the required payments, which exceeded her income. On or about February 13, 2009, Defendants gave Plaintiff notice that Plaintiff had defaulted on the Loan, but the notice did not attach all required documentation.

When Defendants made the Loan to Plaintiff and Plaintiff allegedly defaulted, the residential mortgage lending market was undergoing significant change and an increase in securitization. Mortgage originators sold residential mortgage-backed securities ("RMBS"), which represented interests or shares in pools of mortgage loans and the cash flow generated therefrom. As a result of securitization, originators had less incentive, and systematically failed, to evaluate properly the risks of the loans they made. Originators also misrepresented the quality of their due diligence and underwriting to investors. Ultimately, large numbers of borrowers defaulted, and RMBS investors suffered significant losses. Against this backdrop, Plaintiff's mortgage was securitized and/or assigned to entities other than the originating Defendants without complying with all applicable requirements. Defendants also breached various servicing obligations. Defendants then foreclosed on the Loan and the Property as collateral. In this action, Plaintiff seeks to void the foreclosure and recover damages.

**II.   STANDARD**

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for the Complaint to allege facts that are consistent with liability; it must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

Courts must "afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted); *accord Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

### III. DISCUSSION

#### A. Res Judicata

Plaintiff's Third, Fourth, Fifth, Sixth, Ninth, Eleventh, Twelfth and Thirteenth claims -- for wrongful foreclosure, quiet title, cancellation of certain instruments including the referee's deed, promissory estoppel, declaratory judgment, violation of TILA, negligent misrepresentation, and rescission, respectively -- are dismissed under the doctrine of *res judicata*. The Court construes the allegations to raise the strongest claims they suggest, but even assuming any of

these claims has merit and could have constituted a defense in the foreclosure action, the claims are barred because they could have been raised in prior proceedings.

"A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (cleaned up).  The Court takes judicial notice of the Judgment of Foreclosure and Sale ("JFS") entered by the Supreme Court of the State of New York, Westchester County, on January 9, 2015.  *See Fed. Nat'l Mort. Ass'n v. Pennicott*, No. 50326/2013 (N.Y. Sup. Ct. Westchester Cnty. Jan. 9, 2015) (Doc. 31).  "New York law determines the preclusive effect of the" JFS in this case, and under New York's "'transactional' approach," preclusion "extends beyond attempts to relitigate identical claims to all other claims arising out of the same transaction or series of transactions."  *Simmons*, 16 F.4th at 360 (cleaned up); *accord O'Brien v. City of Syracuse*, 429 N.E.2d 1158 (N.Y. 1981).  In the context of a foreclosure action, a JFS "is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded."  *PNC Bank, Nat'l Ass'n v. Ramdass*, 131 N.Y.S.3d 570, 571 (2d Dep't 2020) (internal quotation marks omitted) (collecting cases).

The claims listed above could have been litigated as defenses to the foreclosure action and so are barred by *res judicata*.  To the extent the claims are described in the Complaint, they either (1) expressly challenge the foreclosure itself, as in the case of wrongful foreclosure, quiet title, cancellation of the referee's deed and declaratory relief; (2) assert that Defendants' ownership interest in the property is or was void at the time of foreclosure, as in the case of promissory estoppel and the TILA claim or (3) relate to Plaintiff's assertion that she was the victim of "fraud in the inducement" of the mortgage, in the case of negligent misrepresentation.

The same goes for any claims Plaintiff intended to assert for breach of fiduciary duty, accounting, conversion, constructive trust, replevin, intentional misrepresentation and breach of contract.  Plaintiff has twice before brought federal lawsuits challenging the same foreclosure, and similar claims, for "fraud in the concealment, civil conspiracy, and breach of the covenant of good faith and fair dealing."  These claims were dismissed because "Plaintiff could have brought" them "in the Foreclosure Action -- which resulted in the entry of judgment on the merits -- had plaintiff appeared to defend the case."  *Pennicott v. JPMorgan Chase Bank, N.A.*, No. 16 Civ. 3044, 2018 WL 1891312, at *4 (S.D.N.Y. Apr. 18, 2018); *see also Pennicott v. JPMorgan Chase Bank, N.A.*, 15 Civ. 6792, 2017 WL 4157371 (S.D.N.Y. Sept. 18, 2017).

### B.      Failure to State a Claim

Plaintiff's First, Second, Seventh, Eighth, Tenth, Fourteenth and Fifteenth claims -- for violation of the Martin Act, violation of the Executive Law, negligence, violation of the Rosenthal Act, violation of RESPA, unjust enrichment and *quantum meruit*, respectively -- are dismissed for failure to state a claim.  Construing the allegations to raise the strongest claims they suggest, these causes of action at least arguably seek relief for conduct by Defendants independent of the foreclosure or may not have been permissible defenses in that action.  However, the allegations of the Complaint are insufficient under Rule 12(b)(6).

The New York statutory claims are dismissed because they both invoke statutes that can be enforced only by the New York Attorney General.  There is no private right of action under the Martin Act's provision that "prohibits various fraudulent and deceitful practices in the distribution, exchange, sale and purchase of securities."  *CPC Int'l Inc. v. McKesson Corp.*, 514 N.E.2d 116, 118 (N.Y. 1987).  Executive Law § 63(12) similarly authorizes only the attorney

general to take certain actions, not private parties, and "includes 'virtually identical language' to the Martin Act." *People ex rel. Cuomo v. Greenberg*, 946 N.Y.S.2d 1, 8 (1st Dep't 2012).

The negligence claim alleges breaches of several different duties, but none are sufficiently alleged. First, to the extent the Complaint asserts a negligence claim because Defendant took "action against Plaintiff that it did not have the legal authority to do" or failed to "provid[e] all relevant information regarding the Loan," those are duplicative of claims barred by res judicata, such as wrongful foreclosure and negligent misrepresentation, and are dismissed for that reason as well. The Complaint includes no allegations to support alleged breaches of the remaining duties, such as that Defendants failed "to exercise reasonable care and skill to maintain proper and accurate loan records" or failed to "disclos[e] to Plaintiff the status of any foreclosure actions taken by it." Even if Defendant had failed to "disclos[e] who owned Plaintiff's loan," the Complaint contains no allegation that the failure had anything to do with the default and foreclosure or caused Plaintiff any harm.

The Rosenthal Act claim is dismissed because the Rosenthal Act is a California statute, and the allegations in the Complaint do not warrant applying California law to the claims at issue here. The Complaint alleges that Plaintiff was at all relevant times a resident of New York, and the property at issue is located in New York. The Complaint does not allege any connection between any events in this litigation and California.

The RESPA claim is dismissed because the Complaint's only allegation that Defendants failed to provide a disclosure required by that statute is too general and conclusory to plead a claim: "Plaintiff is informed and believes that Defendants failed provide Plaintiff with the proper disclosures required under federal and state law." The Complaint's allegations that Defendants did not disclose every change in ownership of the Loan -- or of any interest in the

Loan -- are irrelevant to the RESPA claim, because 12 U.S.C. § 2605 addresses only the notice required when the *servicer* of the loan changes.

To the extent unjust enrichment and quantum meruit rest on an assertion that the foreclosure was invalid, and Defendants were unjustly enriched by the foreclosure, those claims are dismissed on *res judicata* grounds for the reasons discussed above. To the extent those claims rest on other "services or goods supplied to the defendant" by Plaintiff, the Complaint does not allege what those services or goods are, so these claims are dismissed.

### C.      Plaintiff's Motions

Plaintiff moves for leave to file a more definite statement of her own pleading. Requests for a more definite statement are intended to be addressed to another party under Federal Rule of Civil Procedure 12(e). Plaintiff's motion is therefore construed as a motion for leave to amend her complaint, which Plaintiff requests as alternative relief. That request is granted in part as described below.

Plaintiff also asks the Court to take judicial notice of certain adjudicative facts pursuant to Federal Rule of Evidence 201, and Defendants do not oppose the motion. Much of Plaintiff's motion concerns legal authority, including federal cases and statutes, and the Court may and has considered those authorities without the need for judicial notice. To the extent Plaintiff's motion concerns any adjudicative facts, the motion is granted, and the Court has considered all of the facts and arguments in Plaintiff's motion. As described above, the Court is mindful of the importance of the right of access to the courts and of the special solicitude given to pro se litigants like Plaintiff. However, even though "[d]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases," "a *pro se* complaint must allege enough facts to state a claim to relief that is plausible on its face." *Fowlkes v. Ironworkers Loc.*

*40*, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotation marks omitted); *accord Ransom v. Banks*, No. 20 Civ. 10232, 2022 WL 769344, at *2 (S.D.N.Y. Mar. 14, 2022). As explained above, this is such a case where dismissal is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Amended Complaint is dismissed.

Plaintiff's motion for leave to file a more definite statement is GRANTED in part and DENIED in part. Although the Court does not believe that any amendment would make the Complaint viable, Plaintiff nevertheless may make a request to amend no later than **October 4, 2022**, by filing a letter explaining specifically how the deficiencies identified in this opinion are cured by the proposed second amended complaint. Plaintiff's letter shall attach a proposed Second Amended Complaint marked to show changes from the current Amended Complaint.

The Clerk of Court is respectfully directed to close the motions at Docket Number 25, 28 and 35.

Dated: September 13, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

9