UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARCIA PENNICOTT,                                           :
                              Plaintiff,                    :
            -against-                                       :    21 Civ. 4575 (LGS)
                                                            :
FEDERAL NATIONAL MORTGAGE                                   :    ORDER
ASSOCIATION, et al.,                                        :
                              Defendants.                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on September 13, 2022, the Court dismissed Plaintiff's Second Amended Complaint ("SAC") on the grounds that each of the asserted causes of action either was barred by *res judicata* because it could have been asserted as a defense in the proceedings that resulted in the judgment of foreclosure and sale ("JFS") against Plaintiff in 2015, or failed to state a claim on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

    WHEREAS, Plaintiff was permitted to file a motion for leave to amend the complaint again, and on October 31, 2022, Plaintiff filed a Third Amended Complaint ("TAC") without leave, which the Court construes as a motion for leave to amend.

    WHEREAS, Plaintiff asserts at least nineteen distinct causes of action in her proposed TAC:  (1) fraud and conspiracy to commit fraud and misrepresentation and abuse of process, (2) deceptive and unfair trade practices, (3) unfair and unlawful servicing processes, (4) unfair and deceptive consumer practices with respect to loan servicing, (5) unfair and deceptive consumer practices with respect to foreclosure processing, (6) unfair and deceptive consumer practices with respect to loan origination, (7) violations of the False Claims Act, (8) violation of the Financial Institution Reform, Recovery and Enforcement Act of 1989, (9) violation of the Servicemembers Civil Relief Act, (10) declaratory judgment regarding the Banks' Bankruptcy Misconduct, (11) damages under common law related to the Banks' Bankruptcy Misconduct, (12) negligent

supervision, (13) common law fraud and injurious falsehood, (14) fraud by misrepresentation and unfair and deceptive trade practices, (15) conspiracy to commit fraud by omission and inducement, (16) violation of the Fair Debt Collections Practices Act, (17) reformation, (18) slander of title and (19) quiet title.

WHEREAS, "courts should 'freely give' leave to amend 'when justice so requires'" but have "considerable discretion to deny amendment" if one of several reasons is present, including "futility of amendment." *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015) (internal quotation marks omitted); *accord Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147 n.4 (2d Cir. 2020). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022) (internal quotation marks omitted).

WHEREAS, Plaintiff's proposed amendment would be futile. The first, second, third, fourth, fifth, sixth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth claims listed above in the proposed TAC all relate either to purported wrongdoing by Defendants in the origination or servicing of Plaintiff's loan or in the foreclosure proceeding itself that allegedly caused the JFS to be entered, and/or they seek to reverse the JFS. All of those claims could have been asserted as defenses in the foreclosure proceeding and because they were not asserted at the time, they are barred by *res judicata* for the reasons stated in the Opinion and Order granting Defendants' motion to dismiss the SAC. *See Simmons v. Trans Express Inc.,* 16 F.4th 357, 360 (2d Cir. 2021) (federal courts must give state court judgments the same effect as would the courts of that state); *PNC Bank, Nat'l Ass'n v. Ramdass*, 131 N.Y.S.3d 570, 571 (2d Dep't 2020) (a JFS "is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action").

Plaintiff's eighth, ninth, tenth and eleventh causes of action would all be futile because the proposed TAC does not plead that Plaintiff has Article III standing to assert those claims. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case -- in other words, standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (internal quotation marks omitted). "To establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (cleaned up). In these causes of action, the TAC alleges that Defendants generally engaged in various forms of wrongdoing but not that those actions or practices affected Plaintiff. The TAC appears to assert claims for damages caused to the United States or to the states or their citizens generally, rather than to Plaintiff, but the TAC provides no basis for Plaintiff to enforce those purported rights. To the extent Plaintiff argues that any of Defendant's wrongdoing affected Plaintiff's mortgage and foreclosure and provides a basis for collaterally attacking the JFS, such claims are also barred by *res judicata* for the reasons discussed above.

Plaintiff's seventh cause of action, brought under the False Claims Act, does not require an allegation of personal injury to Plaintiff, *U.S. ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 166 (2d Cir. 2018), but this claim would still be futile. "Because relators lack a personal interest in False Claims Act *qui tam* actions . . . they are not entitled to proceed *pro se*." *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). It is hereby

**ORDERED** that Plaintiffs' motion for leave to amend is **DENIED**, and the SAC is dismissed with prejudice.

The Clerk of Court is respectfully directed to close the case.

Dated: December 2, 2022
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**